560 P.2d 167
**STATE of New Mexico, Petitioner,**

v.

**Anselmo LUJAN, Respondent.**

**No. 11218.**

Supreme Court of New Mexico.

Feb. 14, 1977.

**104**

Toney Anaya, Atty. Gen., Suzanne Tanner, Asst. Atty. Gen., Santa Fe, for petitioner.

Jan A. Hartke, Acting Chief Public Defender, Reginald J. Storment, App. Defender, Santa Fe, for respondent.

### OPINION

McMANUS, Justice.

Defendant pled guilty to the fourth degree felony of larceny of goods valued at more than $100.00 and less than $2,500.00 contrary to § 40A–16–1, N.M.S.A. 1953 (2d Repl.Vol. 6, 1972). He also pled guilty to a supplemental information charging him with a previous felony conviction pursuant to § 40A–29–7, N.M.S.A. 1953 (2d Repl.Vol. 6, 1972).

At sentencing, the defendant requested the trial court to suspend all or part of the sentence. The trial court ruled that the sentence was mandatory and that it had no discretion to suspend any of the sentence. The court then imposed a sentence of not less than two and one-half years and not more than ten years. On appeal the defendant asserted that the trial court erred when it ruled that it had no discretion. The Court of Appeals reversed the ruling of the trial court and remanded the case so the lower court could exercise its discretion in the sentencing. We granted certiorari and reverse the ruling of the Court of Appeals.

The habitual offender provisions, § 40A–29–5 et seq., N.M.S.A. 1953 (2d Repl.Vol. 6, 1972), were enacted "to inhibit repetition of criminal acts by individuals against the peace and dignity of the state. . . . [and] to protect society against habitual offenders." *State v. Gonzales*, 84 N.M. 275, 276, 502 P.2d 300, 301, cert. denied, 84 N.M. 271, 502 P.2d 296 (1972). The application of this act is mandatory. *State v. Martinez*, 89 N.M. 729, 557 P.2d 578 (Ct.App.1976).

Not only is the application mandatory but the language used in the statutes involved herein indicates that the provisions are also mandatory. The sentencing statute, § 40A–29–5, supra, states:

. . . Any person who, after having been convicted within this state of a felony, . . . commits any felony within this state . . . *shall* be punished as follows:

A. Upon conviction of such second felony, . . . such person *must* be sentenced to imprisonment . . . (emphasis added).

The general procedural section, § 40A–29–7, N.M.S.A. 1953 (2d Repl.Vol. 6, 1972) is likewise expressed in the same terms, e. g., "the court *shall* sentence him to the punishment

as prescribed in section 29–5 [40A–29–5] governing habitual offenders . . . (emphasis added)." The words "shall" and "must" generally indicate that the provisions of a statute are mandatory and not discretionary. Section 1–2–2(I), N.M.S.A. 1953 (Repl.Vol.1970); 73 Am.Jur.2d Statutes § 22 (1974); Black's Law Dictionary 1541 (rev. 4th ed. 1968). We must assume that the Legislature intended such a result until the contrary is clearly shown. *State v. La Badie*, 87 N.M. 391, 534 P.2d 483 (Ct.App.1975).

The Court of Appeals held that unless a statute specifically prohibits the deferment or suspension of a sentence, the sentencing court must act in accordance with § 40A–29–15, N.M.S.A. 1953 (2d Repl.Vol. 6, 1972). This section confers discretion on the trial court to defer or suspend a sentence "[u]pon entry of a judgment of conviction of any crime not constituting a capital or first degree felony . . ." Apparently the Court of Appeals misapprehended the nature of the habitual offenders provisions.

██ "Habitual criminality, however, is a status rather than an offense, so that allegations of prior convictions do not constitute a charge of a distinct crime, but only relate to the punishment . . ." *Lott v. Cox*, 75 N.M. 102, 104, 401 P.2d 93, 94 (1965); *State v. Knight*, 75 N.M. 197, 402 P.2d 380 (1965); *State v. Bonner*, 81 N.M. 471, 468 P.2d 636 (Ct.App.1970); *State v. Silva*, 78 N.M. 286, 430 P.2d 783 (Ct.App. 1967). Under § 40A–29–7, supra, the only issue to be determined in a proceeding for prosecuting habitual offenders is whether that person has, in fact, been convicted of the commission of a previous felony. An affirmative finding of such fact does not constitute the "conviction of any crime" within the purview of § 40A–29–15, and the sentencing judge has no discretion to exercise.

█ As we have noted above, the language of the habitual offenders statutes is mandatory. Therefore, the trial court is bound to sentence the defendant in accordance with the provisions of § 40A–29–5, supra.

We therefore affirm the ruling of the trial court.

IT IS SO ORDERED.

OMAN, C. J., and SOSA, EASLEY and PAYNE, JJ., concur.