570 P.2d 608

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Herman R. DAWSON, Jr., Defendant-Appellant.**

No. 2962.

Court of Appeals of New Mexico.

Aug. 30, 1977.

J. Brent Ricks, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Suzanne Tanner, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant was found to be an habitual offender on the basis of eight prior felony convictions. He appeals. The issues concern: (1) admissibility of documents showing prior convictions; (2) proof and instructions as to habitual offender; and (3) sentence as an habitual offender.

*Admissibility of Documents Showing Prior Convictions*

The State introduced various documents concerning the prior convictions. These documents consisted of the charge, either by indictment or information, the verdict, and the judgment of conviction. Defendant admits that the State authenticated these documents as certified copies of court records. The authentication was of certified copies of public records under Evidence Rule 902(1) and (4).

Defendant objected to the admission of the authenticated documents as exhibits on the ground that they were hearsay. This contention is answered by two Evidence Rules. Evidence Rule 803 itemizes evidence that is not excluded by the hearsay rule.

Evidence Rule 803(8) provides that records of public offices or agencies setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law are not excluded by the hearsay rule unless the sources of information or other circumstances indicate lack of trustworthiness. The charges, verdicts and judgments set forth either the activities of the district court or matters observed pursuant to law. There is nothing indicating a lack of trustworthiness. The documents were admissible under Evidence Rule 803(8). See *State v. Miller,* 79 N.M. 117, 440 P.2d 792 (1968); *State v. Ramirez,* 89 N.M. 635, 556 P.2d 43 (Ct.App.1976).

Evidence Rule 803(22) reads:

*"Judgment of Previous Conviction.* Evidence of a final judgment, entered upon a plea of guilty (but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year, to prove any fact essential to sustain the judgment, but not including, when offered by the state in a criminal prosecution for purposes other than impeachment, judgments against persons other than the accused.

The judgments of conviction were also admissible against defendant under this rule.

Defendant contends that admission of the documents violated his constitutional right to be confronted with the witnesses against him. "[T]he mission of the Confrontation Clause is to advance a practical concern for the accuracy of the truth-determining process in criminal trials by assuring that 'the trier of fact [has] a satisfactory basis for evaluating the truth of the prior statement.'" *Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed. 213 (1970). Accordingly, we look for "indicia of reliability which have been widely viewed as determinative of whether a statement may be placed before the jury though there is no confrontation of the declarant." *Dutton v. Evans,* supra; see *Mancusi v. Stubbs,* 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972); *State v. Lunn,* 82 N.M. 526, 484 P.2d 368 (Ct.App. 1971).

The sources of information and the method and preparation of court records indicate trustworthiness. See *State v. Ramirez,* su-

pra. In *Kirby v. United States,* 174 U.S. 47, 19 S.Ct. 574, 43 L.Ed. 890 (1899) the record of the conviction of Wallace, Baxter and King was offered in evidence against Kirby. This was held to be improper. Compare Evidence Rule 803(22). However, the opinion states: "The record showing the result of the trial of the principal felons [Wallace, Baxter and King] was undoubtedly evidence, as against *them,* in respect of every fact essential to show *their* guilt."

Properly authenticated court records advanced the accuracy of the truth-determining process. Because of the reliability of such records, their admission did not violate the confrontation clause.

*Proof and Instructions as to Habitual Offender*

■ Defendant claims the trial court erred in denying his motion to dismiss two of the prior convictions charged because the State offered no evidence as to the validity of these two convictions. Assuming, at this point, that the State must prove that the prior convictions were valid, the claim is without merit. The judgments, which are in evidence, were proof of "any fact essential to sustain the judgment". Evidence Rule 803(22). The judgments were evidence "of every fact essential" to show defendant's guilt. *Kirby v. United States,* supra.

Related to the foregoing evidence claim are contentions going to the instructions and "findings" submitted to the jury. An example of the instructions given follows:

"For you to find the Defendant is an Habitual Offender as charged in Counts IV, V, and VI of the Information, the State must prove to your satisfaction beyond a reasonable doubt each of the following:

"1. That the Defendant, HERMAN R. DAWSON, JR., is the same person convicted of Criminal Sexual Penetration in the Second Degree, Aggravated Burglary, and Kidnapping, felonies, in Criminal Cause No. 27527, in the District Court of the Second Judicial District, Bernalillo County, New Mexico, on October 20, 1976."

The trial court refused defendant's requested instruction which would have required the jury to find that "the prior convictions were valid."

An example of a "finding" submitted to the jury reads:

"We find that the Defendant IS the same person that was convicted of KIDNAPPING, in Criminal Cause No. 27527 on the 20th day of October, 1976."

Defendant objected to the finding because it did not require the jury to find that the prior conviction was valid.

■ Defendant's arguments, that the State must present evidence as to the validity of the prior convictions and that the jury must be instructed and must find that the prior convictions were valid, are based on a misunderstanding of the requisite procedure in habitual offender trials.

Section 40A–29–7, N.M.S.A.1953 (2d Repl. Vol. 6) reads:

"If the defendant denies being the same person or refuses to answer, or remains silent, his plea or the fact of his silence, shall be entered of record and a jury shall be empaneled to inquire if the offender is the same person mentioned in the several records as set forth in the information. If the jury finds that the defendant is the same person and that he has in fact been convicted of such previous crimes as charged, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is the same person and that he has in fact been convicted of such previous crimes as charged, then the court shall sentence him to the punishment as prescribed . . . . ."

As worded, § 40A–29–7, supra, requires two findings. They are: (1) there was a prior conviction and (2) defendant was the one who was convicted. Thus, *State v. Lujan,* 90 N.M. 103, 560 P.2d 167 (1977) states: "Under § 40A–29–7, supra, the only issue to be determined in a proceeding for prosecuting habitual offenders is whether that per-

son has, in fact, been convicted of the commission of a previous felony."

Neither § 40A–29–7, supra, nor *State v. Lujan,* supra, require the State to prove the validity of the prior convictions. The State makes a prima facie case upon proof that defendant has been convicted of a prior felony.

How does the "validity" of prior convictions apply? *State v. Dalrymple,* 75 N.M. 514, 407 P.2d 356 (1965) held that § 40A–29–7, supra, "Contemplated that the convictions were valid and not void because of some constitutional defect." In so holding, *Dalrymple,* supra, considered *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962) and followed the dissenting opinion. The majority opinion in *Oyler,* supra, assumes, but does not decide that infirmities in prior convictions "open to collateral attack" can be reached in habitual offender proceedings. The dissenting opinion in *Oyler,* supra, states that the charge of being an habitual offender is "refuted by proof that the prior convictions were not constitutionally valid".

■ The issue of whether the prior convictions are constitutionally valid is a defense to the habitual offender charge. Defendant is entitled to present evidence in support of this defense. *State v. Moser,* 78 N.M. 212, 430 P.2d 106 (1967). Whether the defense is a matter to be decided by the court or the jury will depend on the issue raised by the defense. See *Bowen v. Johnston,* 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455 (1939).

Defendant's position throughout has been that the State has the burden of proving the validity of the prior convictions. Until defendant raised an issue as to the validity of the prior convictions, "validity" was not an issue in the case. Defendant did not raise such an issue; accordingly, there was no basis for submitting "validity" to the jury in either the instructions or findings. See *State v. Lujan,* (Ct.App.) decided August 16, 1977, 90 N.M. 778, 568 P.2d 614.

". . . [T]he prisoner in no way sought to contest the validity or unimpaired character of the former judgments". *Graham v. West Virginia,* 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912).

*Sentence as an Habitual Offender*

The jury determined that defendant was the person convicted of the prior felonies charged in counts 2 through 9 of the supplemental information. The district court files indicate that defendant was convicted of the last six felonies on the same day. These last six felonies are third felony convictions under the habitual offender statute. *State v. Baker,* 90 N.M. 291, 562 P.2d 1145 (Ct.App.1977).

■ Imposition of an enhanced sentence as an habitual offender is mandatory. *State v. Lujan,* supra. The trial court did not impose the mandatory enhanced sentence for five of the last six convictions; the record shows that only one of the last six convictions has been enhanced.

The judgment and conviction as an habitual offender are affirmed. The cause is remanded with instructions to impose the mandatory enhanced sentences for the five of the last six convictions in which the enhanced sentence as an habitual offender has not been imposed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.