570 P.2d 927

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Harvey WHITESHIELD,**
**Defendant-Appellant.**

**No. 2999.**

Court of Appeals of New Mexico.

Aug. 30, 1977.

Rehearing Denied Sept. 12, 1977.

Jan Hartke, Chief Public Defender, Joseph Riggs, III, Asst. Public Defender, Mark Shapiro, Asst. App. Defender, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

The two felony convictions involved are a 1971 Oklahoma conviction for burglary and

a current conviction of voluntary manslaughter. Defendant was found to be an habitual offender; his manslaughter sentence was enhanced on the basis of the prior burglary conviction. Defendant appeals. We discuss: (1) admission of the Oklahoma judgment; (2) jury instructions; and (3) validity of the Oklahoma conviction.

*Admission of the Oklahoma Judgment*

■ A copy of the Oklahoma judgment was admitted into evidence. No issue was raised as to its authentication. Defendant complains that admission of the judgment was error because it was a hearsay document which was admitted without any attempt to produce the judge who signed the document. Defendant claims that admission of the document deprived him of the right to cross-examine the judge concerning the circumstances which led to entry of the judgment.

Admission of the Oklahoma judgment was proper. The judgment was not inadmissible hearsay and its admission was not a violation of the constitutional right to confront witnesses. See the discussion in *State v. Dawson,* (Ct.App.) decided August 30, 1977. See also *State v. Loggins,* 13 Ariz.App. 577, 479 P.2d 724 (1971).

*Jury Instructions*

Jury instruction No. 1 states:

"For you to find the Defendant, Harvey Whiteshield, is an Habitual Offender as charged in the Information, the State must prove to your satisfaction beyond a reasonable doubt each of the following:

"1. That the Defendant, Harvey Whiteshield, is the same person convicted of Burglary—2nd Degree, a felony, in Criminal Cause No. CRF–71–15 in the District Court of the Fourth Judicial District, Dewey County, Oklahoma on June 10, 1971.

"2. That the Defendant, Harvey Whiteshield, is the same person convicted of Voluntary Manslaughter, a felony, in Criminal Cause No. 28354 in the District Court of the Second Judicial District, Bernalillo County, New Mexico on December 6, 1976."

Jury instruction No. 5 states:

"In this case there are two possible findings as to each count in the Information:

"1. That the Defendant IS the same person convicted of the crime in question.

"2. The Defendant IS NOT the same person convicted of the crime in question.

"Only one of the possible findings may be signed by you as to each count. If you have agreed upon one finding as to a particular count, that form of finding is the only form to be signed. The other form as to that count is to be left unsigned."

Consistent with the above instructions, the "findings" submitted to the jury went only to the question of identity—whether defendant was or was not the same person.

Defendant contends the instructions and "finding" forms were erroneous because they went only to identity and not to the validity of the prior conviction. This issue applies only to the Oklahoma conviction; no issue was raised in the trial court concerning the validity of the manslaughter conviction. *State v. Dawson,* supra.

After defendant raised this issue, the trial court ruled that it would give defendant's requested instruction as jury instruction No. 2. This instruction reads:

"Before you can return a verdict finding Harvey Whiteshield an Habitual Offender as to Count I, you must find beyond a reasonable doubt:

"1. That the Defendant is the same person previously convicted, and;

"2. That the prior conviction was valid.

"The Defendant has presented evidence that the conviction in Count I was invalid because the representation by his attorney in Oklahoma was incompetent. For you to find Harvey Whiteshield an Habitual Offender as to Count I, you must agree beyond a reasonable doubt that his attorney in Oklahoma was not incompetent."

The relationship of the instructions given is as follows. Number 5 informed the jury that there were only two possible findings; these went to identity. Number 1 informed the jury that the State was required to prove identity in order to find that defendant was an habitual offender. Number 2 informed the jury that defendant could not be found to be an habitual offender unless the jury found that the Oklahoma conviction was valid.

Defendant's complaint on appeal is that instructions Nos. 1 and 2 are worded in terms of finding defendant to be an habitual offender, but that no such finding was submitted to the jury. As the instructions are worded, defendant asserts that the jury may have been confused. We agree that the instructions are awkwardly worded, but this does not aid defendant. The issue of the validity of the Oklahoma conviction was submitted to the jury. His complaint concerning the wording which submitted the issue was not raised in the trial court; no issue as to the awkward wording was presented to the trial court. Rule of Criminal Procedure 41(d).

In deciding the trial court did not err in its instructions, we do *not* hold the jury should have been instructed on the validity of the Oklahoma conviction. That is discussed in the following issue.

*Validity of the Oklahoma Conviction*

The Oklahoma burglary conviction was based on defendant's plea of guilty. Defendant claims that this plea was not valid because not entered voluntarily and intelligently. The asserted invalidity is based on a claim that his Oklahoma counsel was incompetent. See instruction No. 2 quoted above. The asserted incompetency is based on defendant's testimony at a pretrial hearing that he was drunk and had no memory of the events at the time of the burglary. According to defendant "this clearly raises the issue of whether he had the specific intent required for burglary. Neither anyone at the Oklahoma proceeding, nor his own attorney there, advised Mr. Whiteshield that intoxication could furnish a de-

fense to burglary". Defendant claims "he did not understand the specific intent requirement for burglary and did not understand that he very arguably had a defense to it."

The claimed invalidity of the plea thus bottoms on two claims—that he was not informed as to the requisite intent for the burglary charged and that he was not informed of a possible defense to the charge. Defendant relies on *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).

In *Henderson,* supra, defendant was indicted in state court for first degree murder and pled guilty to second degree murder. He collaterally attacked the guilty plea in federal court on the basis that he was never informed that intent to cause the death of the victim was an element of second degree murder. The opinion states:

"Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. This case is unique because the trial judge found as a fact that the element of intent was not explained to respondent."

*Henderson,* supra, is not applicable to the contention that defendant was not informed of possible defenses; rather it goes to notice of the true nature of the charge against defendant.

We apply New Mexico law to the "possible defense" claim. "The failure of an attorney to advise a defendant of all possible defenses is no basis for a claim of incompetency of counsel." *Burton v. State,* 82 N.M. 328, 481 P.2d 407 (1971). We have not been informed as to the standard for competency of counsel in Oklahoma, so we have no basis for considering Oklahoma law

on that subject. See *State v. Henneman,* 40 N.M. 166, 56 P.2d 1130 (1936). The New Mexico standard for competency of counsel is stated in *State v. Trivitt,* 89 N.M. 162, 548 P.2d 442 (1976). There is no showing of incompetent counsel under the New Mexico standard.

The asserted failure of defense counsel in Oklahoma to advise defendant of a possible defense was not a basis for an incompetency of counsel claim. Since the asserted invalidity of the guilty plea is based on a claim of incompetent counsel, the trial court did not err in refusing to rule that the plea was invalid on this basis.

Defendant's testimony that his Oklahoma attorney did not inform him of the intent required for burglary is contradicted by the transcript of the Oklahoma hearing. The transcript shows that defendant told the Oklahoma court that he had talked with his attorney about the burglary charge and the rights given up by the guilty plea. His attorney informed the court that "we talked quite abit [sic] about" the guilty plea.

The conflict between defendant's testimony and the Oklahoma transcript results in *Henderson v. Morgan,* supra, being inapplicable. In *Henderson,* the trial court found as a fact that "intent" had not been explained to the defendant in that case. Here, the trial court in effect found that "intent" had been explained by denying the motion to dismiss after a pretrial evidentiary hearing.

■ *Henderson* is inapplicable for an additional reason. The Oklahoma transcript shows that the court informed defendant that he was charged with burglary "in the breaking in of a certain dwelling . . . with the intent to steal certain property". The court asked defendant if he was aware of the charges; defendant replied in the affirmative. After eliciting from defendant that he had talked with his attorney about the charge and that defendant did not wish the information read, the court again inquired if defendant was aware of the charge and again received an affirmative answer. The trial court did not err in refusing to rule that the plea was invalid on the basis that defendant was not informed of the requisite intent for burglary.

Our holding, that the trial court did not err in refusing to hold the guilty plea invalid, on each of the grounds claimed, is in answer to the contention that the guilty plea was invalid as a matter of law. These rulings came after the pretrial evidentiary hearing in which defendant sought a ruling that the guilty plea was invalid. That, however, did not end the matter.

At trial, defendant again testified that he was not informed as to the requisite intent for burglary and that his attorney did not advise him that intoxication was a possible defense. In addition, the jury was informed as to the contents of the Oklahoma transcript. We are not concerned here with whether this evidence was properly admissible before the jury; no contention is raised as to that. The question is whether the trial court could properly rule on this evidence or whether the matter should have been submitted to the jury. *State v. Dawson,* supra, states: "Whether the defense is a matter to be decided by the court or the jury will depend on the issue raised by the defense."

In *State v. Dalrymple,* 75 N.M. 514, 407 P.2d 356 (1965) defendant testified that he had received no assistance from counsel in preparing a defense. The trial court struck this testimony on the basis that a collateral attack on the prior convictions was not permissible. The trial court also ruled that if a collateral attack were permissible, the matter would have to be presented to the jury. *Dalrymple* held that a collateral attack was permissible and that the trial court erred in striking the testimony. The opinion does not state whether the evidence was to be ruled on by the court or jury. However, *Dalrymple* does state:

"[T]he court erred in sustaining the motion to strike and in not considering the evidence in determining if appellant had been adequately represented when he was charged and pleaded guilty to each of the offenses in Texas. See *Oyler v. Boles,* supra, note 9."

*Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962) discussed collateral attack upon prior convictions in habitual offender proceedings. Note 9 states:

"The fact that the statute expressly provides for a jury trial on the issue of identity and is silent as to how other issues are to be determined does not foreclose the raising of issues other than identity. This is especially clear in the case of legal issues, such as the petitioners now raise, where a jury trial would be inappropriate."

Among the "legal issues" raised in *Oyler,* supra, was whether defendant had been given adequate notice of the habitual offender charge. Compare the "notice" claim in *Henderson v. Morgan,* supra.

The language in *State v. Dalrymple,* supra, together with the reference to footnote 9 in *Oyler v. Boles,* supra, indicates that the competency of counsel claim raised by defendant by his collateral attack on the Oklahoma conviction is a legal issue to be decided by the court. Such a result would be consistent with the court deciding collateral attacks concerning counsel in post-conviction proceedings. *State v. Hardy,* 78 N.M. 374, 431 P.2d 752 (1967); *State v. Moser,* 78 N.M. 212, 430 P.2d 106 (1967). Such a result would also be consistent with other decisions holding that an issue is to be decided by the court and not by the jury. The question of consent to search is to be determined by the court. *State v. Carlton,* 83 N.M. 644, 495 P.2d 1091 (Ct.App.1972). The reasonableness of a search and seizure is to be determined by the court. *State v. Garcia,* 83 N.M. 490, 493 P.2d 975 (Ct.App. 1972). Probable cause for arrest is a matter to be determined by the court. *State v. Deltenre,* 77 N.M. 497, 424 P.2d 782 (1966), cert. denied, 386 U.S. 976, 87 S.Ct. 1171, 18 L.Ed.2d 136 (1967). See *State v. Middleton,* 26 N.M. 353, 192 P. 483 (1920).

We incline to the view that the competency of counsel claim was a matter to be decided by the trial court and should not have been submitted to the jury. However, we need not expressly decide the question. The issue was submitted to the jury at defendant's request.

The judgment and enhanced sentence as an habitual offender are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.