580 P.2d 495

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Danny O'NEIL, Defendant-Appellee.**

**No. 3529.**

Court of Appeals of New Mexico.

May 30, 1978.

Toney Anaya, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

John B. Bigelow, Chief Public Defender, Martha Daly, Asst. Appellate Defender, Santa Fe, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

The supplemental information charges that defendant is an habitual offender.

Two of the prior convictions alleged are felony convictions in San Juan County in 1973. The San Juan County convictions were based on guilty pleas. The unchallenged findings of the trial court are that the transcript of defendant's San Juan County guilty pleas "have been destroyed" and "[t]here is no other official record of what occurred" at the guilty plea proceedings. The appellate issue involves the burden of proof in this fact situation.

Defendant moved to dismiss the supplemental information. This motion made specific allegations concerning the validity of the guilty pleas in San Juan County. No issue is raised as to the sufficiency of these allegations and there is no claim that the allegations should not have been decided by the trial court. See *State v. Wildenstein*, 91 N.M. 550, 577 P.2d 448 (Ct.App. decided March 7, 1978) and *State v. Gallegos*, 91 N.M. 107, 570 P.2d 938 (Ct.App.1977).

Having found that the transcript of the San Juan County guilty plea proceedings had been destroyed, and that there was no other official record of those proceedings, the trial court concluded:

2. Where the Defendant has denied the allegations of prior convictions, and where the record is silent that the plea was intelligent and voluntary, the State must affirmatively establish that the pleas were voluntary and intelligent before the State can use them in an Habitual Offender proceeding. The validity cannot be assumed from a silent record.

The trial court then dismissed the San Juan County convictions charged in the supplemental information.

The trial court's conclusion is erroneous because it overlooks how an attack on the validity of prior convictions is made, and fails to distinguish between the burden of producing evidence and the burden of persuasion.

The asserted invalidity of the prior convictions is a defense to the habitual offender charge. However, until the defendant raises an issue as to the validity of the prior convictions, "validity" is not an

issue in this case. Once such an issue is raised, defendant is entitled to present evidence in support of the defense. *State v. Dawson*, 91 N.M. 70, 570 P.2d 608 (Ct.App. 1977).

Defendant's motion asserted the San Juan County convictions were invalid. Having made this contention, defendant was entitled to present evidence going toward the asserted invalidity. No such evidence was presented. "Defendant neither took the stand nor did he offer any evidence". *State v. Lujan*, 90 N.M. 778, 568 P.2d 614 (Ct.App.1977). Not having presented such evidence, defendant failed to meet his burden of producing evidence. That such a burden is on defendant is established by prior New Mexico decisions. *State v. Moser*, 78 N.M. 212, 430 P.2d 106 (1967) refers to the burden of producing evidence as the burden of "sustaining a charge". See *State v. Lujan*, supra; compare *State v. Gallegos*, supra; *State v. Whiteshield*, 91 N.M. 96, 570 P.2d 927 (Ct. App.1977).

■ The fact that no transcript of the San Juan County guilty pleas could be obtained was not evidence that those guilty pleas were invalid; all this shows is that the transcript was unavailable. The validity of the San Juan County guilty pleas was an issue to be decided by the court in the habitual offender proceeding. See *State v. Elledge*, 81 N.M. 18, 462 P.2d 152 (Ct.App. 1969). Defendant presented no evidence in support of his motion; the allegations in defendant's motion, that the guilty pleas were invalid, did not establish invalidity as a fact because the allegations were no more than unsupported claims. Compare *State v. Maes*, 81 N.M. 550, 469 P.2d 529 (Ct.App. 1970).

■ The failure of defendant to introduce evidence in support of the asserted invalidity of the San Juan County guilty pleas disposes of this appeal. There being no evidence of invalidity, there was no basis for dismissing the San Juan County felonies from the supplemental information. Where the record in the habitual offender proceeding is silent as to invalidity, there is no basis for holding the prior convictions invalid.

■ The trial court also erred in placing an affirmative burden on the State when the "record is silent" concerning the validity of the guilty pleas. Once defendant meets his burden of going forward with evidence as to invalidity, the State must then persuade the fact finder that the guilty pleas are valid. Why? It is the State that is relying on the prior convictions in order to enhance defendant's sentence for his last felony conviction. This burden of persuasion, or burden of proof, is no different than the burden on the State to prove sanity once defendant has introduced evidence of insanity. See *State v. Wilson*, 85 N.M. 552, 514 P.2d 603 (1973). It is the State which is affirming that defendant has prior convictions; it is the State which must prove such a case; thus, it is the State which has the burden of persuading the fact finder of the allegedly valid prior convictions. See *Wallace v. Wanek*, 81 N.M. 478, 468 P.2d 879 (Ct.App.1970).

■ We recognize that when defendant directly attacks the validity of his conviction by moving for post-conviction relief, he has the burden of producing evidence and the burden of persuasion. See *Barela v. State*, 81 N.M. 433, 467 P.2d 1005 (Ct.App. 1970); *Patterson v. State*, 81 N.M. 210, 465 P.2d 93 (Ct.App.1970); *State v. Botello*, 80 N.M. 482, 457 P. 2d 1001 (Ct.App.1969). Our decision in this case is consistent with where the burdens are placed when defendant directly attacks the validity of his conviction. In this case, defendant's claim of invalidity is raised as a defense to the habitual offender charge. Defendant must produce evidence in support of this defense. Once he does so, he is not required to persuade the fact finder concerning this defense; rather, the State has the burden of persuasion because it is the State, not defendant, who must prove a case.

Summarizing: 1. Defendant has the burden of producing evidence in support of his defense that his prior convictions are invalid. 2. Until such evidence is produc-

ed, this defense simply is not a matter to be decided. 3. Once such evidence is produced, the State has the burden of persuasion as to the validity of the prior convictions.

The order of the trial court dismissing the charges of prior San Juan County felony convictions is reversed. The cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.