763 P.2d 76

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Jacobo VALDEZ, Defendant–Appellant.**

No. 10350.

Court of Appeals of New Mexico.

Aug. 18, 1988.

Hal Stratton, Atty. Gen., Katherine Zinn, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

OPINION

DONNELLY, Chief Judge.

Defendant appeals his sentence enhancement as an habitual offender. The sole issue on appeal is whether a prior conviction used to enhance defendant's sentence for fraud was valid. We reverse.

Following a jury trial, defendant was convicted of fraud over $100 but not more than $2,500, contrary to NMSA 1978, Section 30–16–6 (Repl.Pamp.1984). No appeal was taken from that conviction. Thereafter, the state filed a supplemental criminal information, alleging that defendant had previously been convicted of a felony, failure to comply with a judgment for sup-

port of a child, contrary to NMSA 1978, Section 40–5–21 (Repl.Pamp.1983). The latter section was subsequently repealed by 1986 N.M.Laws, Chapter 47, Section 25. Defendant filed a response to the supplemental information challenging the validity of his prior non-support conviction. After a hearing, the trial court enhanced defendant's sentence by one additional year pursuant to NMSA 1978, Section 31–18–17(B) (Repl.Pamp.1987).

■ A defendant may collaterally attack the validity of a prior conviction where the state seeks to utilize the prior conviction as a basis for sentence enhancement under the habitual offender statute. *See State v. Darrah,* 76 N.M. 671, 417 P.2d 805 (1966). Thus, invalidity of a prior conviction is a defense to an habitual offender charge. *State v. Dalrymple,* 75 N.M. 514, 407 P.2d 356 (1965); *State v. O'Neil,* 91 N.M. 727, 580 P.2d 495 (Ct.App.1978). Unless a defendant specifically contests the validity of a prior conviction in the trial court, validity does not become an issue. *State v. O'Neil.* Once the issue is raised, defendant may present evidence in support of the defense. *Id.* Defendant has the burden of producing evidence going toward the asserted invalidity; once such evidence is produced, the state has the burden of persuasion as to the validity of the prior conviction. *Id.*

■ Defendant contends that his prior non-support felony conviction was invalid because his daughter (A.V.) was legitimated as a matter of law when her parents (defendant and A.V.'s mother) married subsequent to her birth, and that Section 40–5–21 as written applied only to parents of illegitimate children. We agree. Former Section 40–5–21 provided in applicable part as follows:

> The failure, without lawful excuse, of a parent to comply with and carry out a judgment for the support of the child * * * is punishable by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in the penitentiary for not exceeding two years, or by both such fine and imprisonment * * *.

Former NMSA 1953, Section 29–1–20 (repealed by 1975 N.M.Laws, Chapter 257, Section 9–101) provided that "[i]llegitimate children become legitimate by the marriage of their parents." In this case A.V. was legitimated in September 1974, the date her parents were married. Once an illegitimate child is statutorily legitimated by subsequent marriage of the parents, that child becomes the legitimate child of the marriage and acquires a legal status equivalent to that of a child born in wedlock. *See, e.g., Knauer v. Barnett,* 360 So.2d 399 (Fla.1978).

The state contends that because NMSA 1978, Section 40–5–26 (Repl.Pamp.1983) specified that the Act applied "to all cases of [children born] out of wedlock," subsequent legitimation does not alter the effect of Section 40–5–21. We disagree. In both common and legal parlance, the terms "child born out of wedlock" and "illegitimate child" are synonymous. *See Sweet v. Hamilothoris,* 84 Cal.App. 775, 258 P. 652 (1927); *State v. Coliton,* 73 N.D. 582, 17 N.W.2d 546 (1945). *See generally* Annotation, *What Amounts to Recognition within Statutes Affecting the Status or Rights of Illegitimates,* 33 A.L.R.2d 705 (1954). Upon the marriage of A.V.'s parents, under the clear import of Section 29–1–20, she was legitimated and was no longer a child born out of wedlock. Thus, defendant was charged and convicted in the prior criminal proceeding under a statute which under the circumstances had no application. *Compare* NMSA 1978, § 30–6–2 (Repl.Pamp. 1984) (providing that abandoning or failing to support a dependent thereby leaving the spouse or minor child dependent upon public support constitutes a fourth degree felony).

Because we conclude that defendant's prior non-support conviction was invalid, we do not reach the other issues raised on appeal. Defendant's sentence enhancement of one year as an habitual offender is reversed and the cause is remanded for re-sentencing.

IT IS SO ORDERED.

BIVINS and MINZNER, JJ., concur.