This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41217**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RYAN KAPUSCINSKI,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Joseph Montaño and Courtney B. Weaks, District Court Judges**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

The Law Office of Scott M. Davidson
Scott M. Davidson
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Following a seven-day trial, a jury convicted Defendant of one count of criminal sexual contact of a minor, twelve counts of criminal sexual penetration of a minor (13-18), and one count of bribery of a witness. [2 RP 431-32; BIC 10] Defendant raises five issues on appeal.

**{3}** Defendant first argues that his right to due process was violated based on the questioning of the victims by a deputy with the Bernalillo County Sheriff's Office. [BIC 12, 26-29] Defendant asserts that the deputy arrived at the victim's residence in response to a call alleging a sexual offense, assembled the two child victims and their parents around the dinner table, and asked them questions without separating the victims. [BIC 27] Defendant then points to a brief portion of the deputy's cross-examination where she stated that, as part of her training, "one way" to ensure reliability of statements from people is to separate them from each other and get their statements separately. [Id.] The deputy acknowledged that she did not do that in this circumstance. [BIC 28] Defendant argues that "[b]y asking questions of two separate alleged victims and witnesses in the same room at the same time, the deputy irreversibly corrupted the statements by the witnesses and alleged victims." [Id.] Defendant maintains that the admission of the tainted evidence violated his right to due process.

**{4}** We perceive a number of difficulties with Defendant's argument. First, Defendant does not indicate whether and where counsel objected at trial to preserve the issue for our review. *See* Rule 12-318(A)(4) NMRA (stating that the brief in chief shall contain "an argument which, with respect to each issue presented, shall contain a statement of the applicable standard of review, the contentions of the appellant, *and a statement explaining how the issue was preserved in the court below*, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on." (emphasis added)); Rule 12-321(A). On the merits, Defendant has not established that the circumstances of the investigation were improper or that the resulting statements were unreliable as a result. Nor has Defendant demonstrated by citation to authority that the admission of this evidence in this case amounted to a due process violation. Consequently, even assuming that the standard of review for this issue is de novo, Defendant has not demonstrated either that an error occurred or that he is entitled to reversal on this issue.

**{5}** Defendant next argues that his right to equal protection was infringed by the district court's refusal to afford him additional peremptory challenges under Rule 5-606(D)(1) NMRA. [BIC 29-33] Defendant provides us with no authority to support his contention that a violation of Rule 5-606(D)(1) implicates equal protection. *See Vigil-Giron*, 2014-NMCA-069, ¶ 60.

**{6}** Regardless, the district court did not err in denying Defendant's request for additional peremptory challenges under Rule 5-606(D)(1). Rule 5-606(D)(1) provides a defendant with five peremptory challenges in most circumstances, *see* Rule 5-606(D)(1)(c), but a total of twelve when "the offense charged is punishable by life imprisonment." Rule 5-606(D)(1)(b). Defendant asserts that it "defies logic" that he would not be entitled to the number of peremptory challenges in Rule 5-606(D)(1)(b) because he was originally facing forty felonies, 550 years of potential sentencing

exposure, and ultimately sentenced to seventy-five years in prison. [BIC 30] Under Rule 5-606(D)(1), however, "the number of peremptories depends upon the punishment for the 'offense charged.'" *State v. McKelvy*, 1978-NMCA-006, ¶ 4, 91 N.M. 384, 574 P.2d 604. None of the offenses charged here prescribed a punishment of life imprisonment. *See State v. Juan*, 2010-NMSC-041, ¶ 42, 148 N.M. 747, 242 P.3d 314 ("[A] 'life sentence' means 'thirty years imprisonment before the possibility of parole and without good time credit eligibility.'" (quoting *State v. Tofoya*, 2010-NMSC-019, ¶ 14, 148 N.M. 391, 237 P.3d 693)); *McKelvy*, 1978-NMCA-006, ¶¶ 2-4 (rejecting the defendant's argument that he was entitled to twelve peremptory challenges because, if convicted, he would have faced life imprisonment based on a fourth felony conviction and the habitual offender statute prescribed such punishment, but "[n]o habitual offender charge was involved when the jury was being selected"). "The fact that an indictment contains several counts does not entitle [an] accused to any additional peremptory challenges." *State v. Compton*, 1953-NMSC-036, ¶ 38, 57 N.M. 227, 257 P.2d 915 (internal quotation marks and citation omitted). Consequently, we conclude that Defendant was not entitled to twelve peremptory challenges under Rule 5-606(D)(1)(b) based on the offenses charged, because although Defendant faced a potential sentence of more than thirty years imprisonment based on the charges brought against him in this case, none carried a life sentence. [1 RP 58-71; 2 RP 429-33] *See State v. Salazar*, 1954-NMSC-062, ¶¶ 1, 16, 58 N.M. 489, 272 P.2d 688 (rejecting a defendant's argument that he was entitled to more than five peremptory challenges because he was charged with two separate counts of manslaughter).

**{7}** Defendant next argues that he was denied the right to an impartial jury because the district court failed "to purge the taint created by a biased juror who voiced his desire to physically attack" Defendant. [BIC 33] Defendant asserts that, following opening statements and a small portion of the evidence, a juror told the bailiff that "he wanted to go over there and essentially beat the crap out of [D]efendant." [BIC 34] After being informed of this statement, the district court excused the juror. [BIC 15, 34] Defendant does not dispute that the dismissal was appropriate but, instead, asserts that his convictions should be reversed because a whole new jury should have been impaneled. [BIC 35]

**{8}** Defendant again does not indicate whether this argument was raised and preserved before the district court. In particular, Defendant does not assert that he moved for a mistrial on these grounds. *See Medler v. Henry*, 1940-NMSC-028, ¶ 39, 44 N.M. 275, 101 P.2d 398 ("Appellant did not move for a mistrial which was a protection open to appellant if her counsel believed that irreparable damage had been done. He who knowingly bets on a lame horse has no just cause for complaint if his steed finishes out of the money on three legs."). Defendant also does not make an argument that the failure to declare a mistrial and impanel an entirely new jury was fundamental error. [BIC 33-36] *See State v. Gallegos*, 2009-NMSC-017, ¶¶ 25-26, 146 N.M. 88, 206 P.3d 993 (reviewing for fundamental error a defendant's contention that the district court should have declared a mistrial sua sponte based on alleged juror misconduct when the defendant did not move for a mistrial). Reviewing for fundamental error on our own accord, we conclude there was none.

**{9}** We employ the fundamental error doctrine "only under extraordinary circumstances to prevent the miscarriage of justice." *State v. Silva*, 2008-NMSC-051, ¶ 13, 144 N.M. 815, 192 P.3d 1192 (internal quotation marks and citation omitted).

> Accordingly, we will use the doctrine to reverse a conviction only if the defendant's guilt is so questionable that upholding a conviction would shock the conscience, or where, notwithstanding the apparent culpability of the defendant, substantial justice has not been served. Substantial justice has not been served when a fundamental unfairness within the system has undermined judicial integrity.

*Id.* (internal quotation marks and citations omitted).

**{10}** Generally, "[w]hen a seated juror is excused and replaced by an alternate juror prior to deliberations, the verdict is not affected." *State v. Pettigrew*, 1993-NMCA-095, ¶ 18, 116 N.M. 135, 860 P.2d 777. Defendant does not present any evidence to illustrate that the remaining jurors were biased or partial. Indeed, Defendant does not expressly state that the other jurors were even present when the comment was made. [BIC 35] Defendant merely asserts that the remaining jurors were never adequately probed by the district court, thereby implying, without citation to authority, it was incumbent on the district court to determine whether the comment had an impact on the rest of the jury. [Id.]

**{11}** Defendant has not met his burden of demonstrating the impact, if any, on the verdict or that the replacement of an alternate juror affected his ability to receive a fair trial or prejudiced his case. *Id.* ("Defendants presented no evidence to show that the alternate juror was biased, partial, or disqualified for any reason."). Further, while "not all questions of fundamental error turn solely on guilt or innocence" of the defendant, *see State v. Barber*, 2004-NMSC-019, ¶ 14, 135 N.M. 621, 92 P.3d 633, in these circumstances there is no argument directed "on process and the underlying integrity of our judicial system." *Id.* ¶ 16; *see also* Rule 12-321 (B)(1)-(2) NMRA (stating, despite a lack of preservation, that the reviewing court can consider jurisdictional questions or, in its discretion, questions involving general public interest or fundamental error or fundamental rights of a party). Therefore, we conclude there was no fundamental error. *See Barber*, 2004-NMSC-019, ¶ 17 (providing that fundamental error only occurs in "cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused").

**{12}** Defendant further argues that "[t]he prosecution introduced multiple items of evidence that failed to meet minimal evidentiary standards." [BIC 37] The argument stems from the admission of several photographs. [BIC 16-22, 37] In the factual background section of Defendant's brief, he identifies the following photos: three photos depicting a vibrator, a photo depicting lingerie, two photos of outfits, a photo depicting the contents of a witness's phone that was apparently excluded later in the trial, eight photos where Defendant fails to identify their contents in the brief, five photos of

Defendant, and two photos of what Defendant alleges are incomplete Snapchat conversation from a witness's phone. [BIC 16-22] However, in the argument section of Defendant's brief, he only mentions the photos depicting the vibrators, the photo of the lingerie, the two photos of the outfits, and two photos of Defendant. [BIC 37-38] As to the photos depicting the vibrators, lingerie, and outfits, Defendant asserts that the district court abused its discretion because the witness did not know when the photos were taken, and thus their relevance was not established. [BIC 38] Defendant also generally asserts that the "exhibits lacked foundation." [Id.] *But see State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 ("The mere assertion of an evidentiary rule is not argument."). As to the photos depicting Defendant, he asserts only that "[t]hese irrelevant photographs should not have been admitted into evidence." [Id.]

**{13}** Beyond bare assertions of relevance and foundation, in neither the facts nor argument section of the brief does Defendant present any authority in support of these arguments, nor does he inform this Court of the grounds the district court relied on in admitting these photos or provide the full context in which the State moved to admit them at trial. As such, Defendant has effectively asked this Court to review the record and the relevant case law to determine whether the district court erred in admitting the photos. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076; *Fuentes*, 2010-NMCA-027, ¶ 29.

**{14}** There is a presumption of correctness in the rulings of the district court, and the party claiming error bears the burden of showing such error. *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211. "We are not obligated to review [the d]efendant's undeveloped argument, nor are we obligated to search the record for facts, arguments, and rulings to find support for [the d]efendant's claim of error." *State v. Willyard*, 2019-NMCA-058, ¶ 7, 450 P.3d 445 (internal quotation marks and citation omitted). However, we briefly note that several of the crimes Defendant was charged with concerned the use or giving of a vibrator and lingerie, which undoubtedly makes the photos of those items relevant. [1 RP 60, 66, 71] And the fact that the witness did not know when the photos were taken did not mean the photos were inadmissible. *See State v. Gallegos*, 1977-NMCA-113, ¶ 26, 91 N.M. 107, 570 P.2d 938 ("The fact that the witness had not personally taken the photograph, or had not seen the photograph taken, was not grounds for its exclusion."); *State v. Lopez*, 2018-NMCA-002, ¶ 31, 410 P.3d 226 ("Photographic evidence . . . must fairly and accurately represent the depicted subject in order to satisfy the foundation requirement for authentication of photographs. Photographic evidence is admissible when a sponsoring witness can testify that it is a fair and accurate representation of the subject matter, based on that witness's personal observation." (internal quotation marks and citations omitted)). Consequently, we affirm the district court's admission of the photos.

**{15}** Lastly, Defendant argues that his convictions should be reversed based on cumulative error. [BIC 39-41] Because we conclude that there was no error based on arguments discussed above, we likewise conclude there was no cumulative error. *See State v. Samora*, 2013-NMSC-038, ¶ 28, 307 P.3d 328 ("Where there is no error to

accumulate, there can be no cumulative error." (alteration, internal quotation marks, and citation omitted)). Accordingly, we affirm.

**{16} IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**