594 P.2d 1186

**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**Roldon GARCIA a/k/a Roldan Garcia,
Defendant-Appellee.**

**No. 3549.**

Court of Appeals of New Mexico.

Oct. 17, 1978.

Rehearing Denied Nov. 7, 1978.

Supreme Court Order Quashing Cert. Feb. 23, 1979.

fender, Albuquerque, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

Defendant's latest felony conviction, for burglary, was affirmed by memorandum opinion in *State v. Garcia*, (Ct.App.) No. 3115, decided November 29, 1977. Thereafter, a supplemental information charged defendant with being an habitual offender. The prior convictions charged were: 1) two grand larceny convictions in Bernalillo County District Court in 1954; 2) a conspiracy conviction in federal district court in 1962; and 3) a conviction for unlawfully taking a vehicle in Bernalillo County District Court in 1970. The trial court struck all of the prior convictions charged; the State appealed. We reverse, discussing: (1) procedural matters; (2) burden of proof; (3) absence of record; and (4) the federal conviction.

*Procedural Matters*

(a) Defendant first moved to dismiss the habitual charge to the extent it was based on the 1954 and 1962 convictions. After an evidentiary hearing, Judge M. Sanchez denied the motion, then recused himself at defendant's request. Defendant then filed a new motion, seeking to strike all of the prior convictions charged. This motion was heard, and granted by Judge Ryan. Arguing the propriety of Judge Ryan's ruling on appeal, defendant refers us to testimony introduced at the hearing before Judge M. Sanchez. The testimony at the hearing before Judge M. Sanchez was not admitted as evidence, nor tendered as evidence, at the hearing before Judge Ryan. In argument before Judge Ryan, defendant asked that the transcript of the hearing before Judge M. Sanchez be reviewed. Judge Ryan declined to do so, pointing out that the matter before him was a new motion. Because the testimony at the hearing before Judge M. Sanchez was neither introduced nor considered at the hearing before Judge Ryan, it will not

Toney Anaya, Atty. Gen., Sammy J. Quintana, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

John B. Bigelow, Chief Public Defender, Santa Fe, Alice G. Hector, District Public Defender, Mark Shapiro, Asst. App. De-

be considered by us in determining the propriety of Judge Ryan's ruling.

(b) The only evidence introduced at the hearing before Judge Ryan consisted of exhibits. Although a designation conference was held, N.M.Crim.App. 209, at which the complete transcript of the hearing before Judge Ryan was designated for use on appeal, the designation order makes no mention of the exhibits. There is nothing indicating that either party asked Judge Ryan to designate that the exhibits be transmitted to this Court, yet either party could have done so. N.M.Crim.App. 208. The exhibits were not transmitted to this Court until we requested them.

■ Defendant contends the failure of the State to cause the exhibits to be transmitted to this Court is fatal to the State's appeal. He points out that in the absence of the exhibits, certain statements by counsel, in the briefs, have no evidentiary support in the hearing before Judge Ryan. In support of this argument, he reminds us that statements of counsel are not evidence. *State v. Duran*, 91 N.M. 38, 570 P.2d 39 (Ct.App.1977). Defendant also reminds us that the burden is on the appellant, in this case the State, to provide the necessary appellate record. See *State v. Duran*, 91 N.M. 756, 581 P.2d 19 (1978).

Defendant's argument overlooks the fact that the State has provided a complete transcript of the hearing before Judge Ryan. This "complete transcript" distinguishes *State v. Alderete*, 91 N.M. 373, 574 P.2d 592 (Ct.App.1977). If the exhibits are not to be considered, this transcript shows a total absence of evidence at the hearing before Judge Ryan and, thus, nothing that even arguably supports Judge Ryan's ruling. The State having provided a transcript showing an absence of evidence, the result would be a reversal of Judge Ryan's ruling without reaching the merits.

■ The issues argued before Judge Ryan cannot be intelligently considered without reference to the exhibits. We ordered transmission of the exhibits to us in order to consider those issues. We have

authority, on our own motion (neither party ever asked that the exhibits be transmitted) to have exhibits sent to us for our review when those exhibits had been introduced, and relied on, before the trial court. The exhibits are before us on our own motion; accordingly, we consider the merits of the appellate issues.

*Burden of Proof*

■ Judge Ryan granted the motion to strike all the prior convictions charged in the supplemental information. We do not know on what basis the motion was granted. Remarks by Judge Ryan during the course of the hearing leave the impression that the motion to strike may have been granted on the basis that the State had failed to meet its burden of proof. If this impression is correct, we have the question of what was meant by "burden of proof" and at what point in time the burden was not met. Accordingly, we repeat statements from our prior opinions.

*State v. Dawson*, 91 N.M. 70, 570 P.2d 608 (Ct.App.1977) held:

The State makes a prima facie case upon proof that defendant has been convicted of a prior felony.

\* \* \* \* \* \*

Defendant's position throughout has been that the State has the burden of proving the validity of the prior convictions. Until defendant raised an issue as to the validity of the prior convictions, "validity" was not an issue in the case. See *State v. Gallegos*, 91 N.M. 107, 570 P.2d 938 (Ct.App.1977).

Defendant's motion asserted that all of the prior convictions, charged in the supplemental information, were invalid. *State v. O'Neil*, 91 N.M. 727, 580 P.2d 495 (Ct.App. 1978) states:

Having made this contention, defendant was entitled to present evidence going toward the asserted invalidity.

Summarizing: 1. Defendant has the burden of producing evidence in support of his defense that his prior convictions are invalid. 2. Until such evidence is

produced, this defense simply is not a matter to be decided. 3. Once such evidence is produced, the State has the burden of persuasion as to the validity of the prior convictions.

 There is no issue in this appeal concerning identity. State exhibits, showing the prior convictions, made a prima facie case as to the prior convictions. Defendant's motion to strike claimed the prior convictions were constitutionally invalid. See *State v. Gallegos*, supra. Defendant's exhibits, however, were not evidence tending to establish constitutionally invalid convictions. There being no evidence that the prior convictions were constitutionally invalid, there was no "validity" issue to be decided and the State did not fail to meet its burden of proof. We discuss defendant's exhibits in the next two issues.

### Absence of Record

Defendant's 1954 and 1970 New Mexico convictions were based on his guilty pleas. Defendant's exhibit 1 is an affidavit of the clerk of the Bernalillo County District Court. The affidavit states that notes of the guilty plea proceedings cannot be located.

In *State v. O'Neil*, supra, two of the defendant's prior convictions were based on guilty pleas in San Juan County. The transcripts of the guilty plea proceedings had been destroyed, with the result that there was no official record of what occurred in the guilty plea proceedings. We stated:

> The fact that no transcript of the San Juan County guilty pleas could be obtained was not evidence that those guilty pleas were invalid; all this shows is that the transcript was unavailable.

. . . . .

The failure of defendant to introduce evidence in support of the asserted invalidity of the San Juan County guilty pleas disposes of this appeal. There being no evidence of invalidity, there was no basis for dismissing the San Juan County felonies from the supplemental information. Where the record in the habitual offender proceeding is silent as to invalidity, there is no basis for holding the prior convictions invalid.

 *State v. O'Neil*, supra, disposes of defendant's claim that defendant's New Mexico convictions were properly stricken because of the absence of a record as to what occurred when defendant pled guilty. Recognizing the applicability of *O'Neil*, supra, defendant argues that *O'Neil* was incorrectly decided. We disagree. Defendant overlooks the fact that "invalidity" of a prior conviction is a defense, and that it is defendant's obligation to present evidence in support of this defense. *State v. O'Neil*, supra.

### The Federal Conviction

 For the federal conviction to be considered as a prior conviction under the habitual offender statute, the conviction must have been for a crime "which if committed within this state would be a felony". Section 40A–29–5, N.M.S.A.1953 (2d Repl. Vol. 6). A State's exhibit shows that defendant pled guilty in federal court to the offense of "conspiring to violate the laws of the United States, to wit: to illegally sell heroin". Defendant states: "It is possible that after looking at the offense of which Mr. Garcia was actually convicted, Judge Ryan properly concluded that it would not have been a felony in New Mexico." If this was Judge Ryan's conclusion, it was legally incorrect. At the time of the federal conviction, in 1962, conspiracy to illegally sell heroin would have been a felony if committed in New Mexico. Sections 40–1–3 and 40–11–1, N.M.S.A.1953 (Original Vol. 6); § 54–7–14, N.M.S.A.1953 (Repl.Vol. 8, pt. 2).

 Defendant asserts that the record does not show that his guilty plea in federal court was voluntary and intelligent. We disagree, but point out, once again, that the burden was on defendant to produce evidence that it was *not* voluntary or intelligent. *State v. O'Neil*, supra. The only evidence introduced before Judge Ryan concerning the voluntariness of defendant's federal plea is an exhibit. This exhibit is a transcript of the guilty plea proceedings in

federal court. This transcript shows a plea pursuant to plea bargain; the original charge of unlawful sale of imported heroin was to be dismissed after defendant pled guilty to conspiracy to illegally sell heroin. The transcript shows this plea was entered with advice of counsel; "I have explained to the defendant the procedure that is proposed to take place today, and he agrees." This is not evidence of an involuntary or unintelligent plea.

Defendant asserts that his federal plea was constitutionally invalid. He points out that the federal trial judge (a) did not address the defendant personally, (b) did not inquire if the plea was voluntary, and (c) did not affirmatively make a record showing that defendant understood the constitutional rights being waived by the guilty plea. Defendant relies on *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). We have held that *Boykin* is not to be applied retroactively. *State v. Guy*, 81 N.M. 641, 471 P.2d 675 (Ct.App.1970). The Tenth Circuit Court of Appeals reached the same result. *Perry v. Crouse*, 429 F.2d 1083 (10th Cir. 1970). See also, *Halliday v. United States*, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), reh. denied, 395 U.S. 971, 89 S.Ct. 2106, 23 L.Ed.2d 761 (1969). The requirements of *Boykin*, supra, decided in 1969, were not applicable to defendant's guilty plea in federal court in 1962.

The order striking the prior convictions charged in the supplemental information is reversed. The cause is remanded with instructions to reinstate the charges.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.