620 P.2d 1271

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Roldon GARCIA, Defendant–Appellant.**

No. 12730.

Supreme Court of New Mexico.

Dec. 8, 1980.

John B. Bigelow, Chief Public Defender, Martha A. Daly, Appellate Defender, Santa Fe, for defendant–appellant.

Jeff Bingaman, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff–appellee.

## OPINION

EASLEY, Senior Justice.

Garcia appeals from his sentence of life imprisonment, imposed pursuant to our habitual offender statute after trial where Garcia was found to be the same person convicted of the underlying felony, residential burglary, and three prior felonies. We reserve and remand.

In this tortuous evidentiary and procedural briar–patch involving five trial judges and four appeals, we have sorted out four issues: (1) whether N.M.R.Crim.P. 47(a), N.M.S.A.1978 (Repl.Pamp.1980), providing that a defendant shall be present at "every stage" of a felony trial, gives the defendant a right to be present when the challenges are being made to jurors; (2) whether the trial court erred in denying defendant's motion to dismiss several of the counts in the indictment on the basis that those motions had already been heard and resolved by other trial courts and the Court of Appeals; (3) whether the State carried its burden of proof and persuasion after undisputed testimony was given by Garcia that unkept promises by the State induced him to plead guilty to the various charges; and (4) whether enlarging a valid sentence under our habitual offender statutes after its service has begun violates double jeopardy.

Garcia was convicted of two counts of grand larceny in 1954, of conspiring to sell heroin in 1962 in federal court, of unlawful taking of a vehicle in 1970 and residential burglary, the underlying felony in 1977. He was sentenced to two to ten years on the last offense. The conviction was affirmed by memorandum opinion by our Court of Appeals.

Six months after Garcia started serving his sentence, the State filed a supplemental information charging him as an habitual offender. Garcia pled not guilty to this charge and filed a motion to dismiss the two counts involving the 1954 offenses. At the hearing on this motion before Judge Sanchez, Garcia testified that when he was arrested the police told him they wanted to clear their books, and if he would just return the stolen goods and sign a confession the case would not come up in court. But after he was charged with the offenses anyway, the district attorney told him that if he pled guilty he would never have to go to prison. Garcia pled guilty, he was sentenced to a prison term and served it. The State did not introduce any evidence to refute this testimony but, rather, on cross–examination of Garcia tried to establish that two additional counts against Garcia

were dropped as part of a plea bargain. The pleadings showed two counts were dismissed. No written evidence of a plea bargain and no transcript of the 1954 proceedings could be found. Judge Sanchez denied the motion.

Subsequent to this hearing, Judge Sanchez recused himself for bias. After the case was assigned to Judge Ryan, Garcia renewed his motion to strike the two counts relating to the 1954 convictions on the grounds that they were not knowingly and voluntarily entered. He also moved to strike the other two counts relating to the 1962 and 1970 convictions on the same grounds. At the hearing before Judge Ryan, although the evidence before Judge Sanchez was summarized by counsel, Judge Ryan indicated that what Judge Sanchez had ruled was irrelevant; and the prior testimony of Garcia was not considered. However, Judge Ryan granted the motion to strike all four counts.

The State appealed this ruling to the Court of Appeals which reversed and remanded with instructions to reinstate the charges. *State v. Garcia*, 92 N.M. 730, 594 P.2d 1186 (Ct.App.1978), *cert. quashed*, 92 N.M. 532, 591 P.2d 286 (1979). The Court of Appeals specifically made the following rulings that are material to this appeal:

(a) Since the testimony of Garcia at the hearing before Judge Sanchez was neither introduced nor considered by Judge Ryan, the Court of Appeals would not consider it. The Court of Appeals only examined the exhibits that were before Judge Ryan.

(b) The court reiterated previous holdings that in habitual offender proceedings the State has the burden of proof in making a prima facie case that a defendant has been convicted of a prior felony. If the defendant raises the defense that the prior convictions are invalid, the defendant has the burden of producing evidence demonstrating their invalidity. If no evidence is produced, and the Court of Appeals held that Garcia failed to produce such evidence at the hearing before Judge Ryan, then this defense is not a matter to be decided. But if such evidence had been produced, then the State would have had the burden of persuasion as to the validity of the prior convictions. *Id.* at 732, 594 P.2d at 1188.

(c) The Court reiterated a previous holding that the absence of a record of a guilty plea proceeding does not establish the invalidity of the guilty plea but only that the transcript of that proceeding is unavailable. The Court also held that Garcia's introduction of an affidavit of the court clerk stating that there was no record of the guilty plea proceeding does not invalidate the 1954 guilty pleas. *Id.* at 733, 594 P.2d at 1189.

On remand before his trial on the habitual offender charge, Garcia filed more motions claiming that double jeopardy barred imposition of a greater sentence after Garcia had started serving his original sentence on the underlying felony, and that all the prior convictions charged were based on pleas that were not voluntary and intelligent. At a hearing on these motions before Judge Stowers, after Judge Love and Judge Baca were eliminated from the case, Judge Stowers denied Garcia's motions because they had "been previously heard by other [trial] courts . . . and resolved by their decision or that of the Court of Appeals of the State of New Mexico . . . ."

At trial when Judge Stowers and counsel retired to chambers to exercise strikes and select the jury, Judge Stowers refused over Garcia's objection, to allow Garcia to be present with his counsel during the selection process, on the grounds that it was his custom not to permit the presence of defendants at this stage of the trial.

The jury found Garcia was the same person convicted of residential burglary and the three prior felonies. His two to ten year sentence on the underlying felony was vacated and he was given an increased sentence to life.

Because of the imposition of a life sentence by the trial court, Garcia appealed directly to this Court.

### 1. *Defendant's Presence At Jury Selection.*

■ Although this issue is one of first impression in New Mexico, there is no problem in resolving it. There is no question but that Garcia had a right to be present when challenges were made to jurors, under the mandate of Rule 47(a), *supra.* That rule clearly states that a defendant "shall" be present at "every stage of the trial." Subsection (b) of Rule 47 provides that the right can be waived under certain circumstances, but there is no question of a waiver here. Garcia objected to his exclusion.

The State disputes that this proceeding is a "stage of the trial." Any experienced trial lawyer worth his salt would not hesitate to disagree. A good trial lawyer is a practicing psychologist. Ecstasy to him is having a jury that he can "lead down the primrose path." He knows that he should have as much information about the backgrounds of the jurors as possible, so that he can interrelate this data with his client's history. He must make important assessments based on that information as to whether selection of a given juror will be of advantage to his client. In our case the importance to Garcia of picking a favorable jury is underscored by the fact that he is now saddled with a life sentence in the penitentiary.

However, the real magic is worked when the attorney and his client take center-stage and are face–to–face with the jurors. The lawyer and the defendant must make a diligent effort to read every reaction of each juror to the lawyer and the client. Every device is used to get more time to talk with, observe and analyze each glance, facial expression and answer of a juror. It is especially vital to note the facial expression, if any, of jurors when they are looking at the defendant.

John Alan Appleman explains: "The response to a question, the quickness to grasp its meaning, the play of expression upon a juror's face, the attempt to court counsel's favor (or vice versa), and the manner in which an answer is given rather than the words spoken–all of these are important in selecting a qualified jury." J. Appleman, Preparation and Trial 159 (1967). He adds, "there is a universality of communication between persons upon a subconscious level which evokes a kindred response." *Id.* at 160. Inarticulate responses are sometimes a more reliable indicator of the probable attitudes of jurors in the jury room than their answers to questions. F. Bailey & H. Rothblatt, Successful Techniques for Criminal Trials § 102 (1971). "There is mutual appraisal through a sixth sense, and intuition–or, if you will, a mind–reading or a form of mental radar contact." 1 S. Gazan, Encyclopedia of Trial Strategy and Tactics 75 (1962). It is "good business tactics" that a trial lawyer consult with his client as to whether or not the jurors examined are satisfactory. "It may be that during the course of the examination the client has noticed something that would tend to make him feel that the juror might be prejudiced against him." 1 I. Goldstein & F. Lane, Trial Technique § 9.67 (2d ed. 1969).

A defendant's right to be present at every stage of the trial is grounded in the Sixth Amendment to the United States Constitution and made applicable to the states through the Fourteenth Amendment. *See Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). In *Lewis v. United States,* 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892), the United States Supreme Court addressed the issue of whether a defendant has the right to be present when challenges to the jury are made. The Supreme Court there held that the "making of challenges was an essential part of the trial," and that:

> As every one must be sensible, what sudden impressions and unaccountable prejudices we are apt to conceive upon the bare looks and gestures of another; and how necessary it is that a prisoner ... should have a good opinion of his jury, the want of which might totally disconcert him; the law wills not that he should be tried by any one man against whom he

has conceived a prejudice even without being able to assign a reason for such his dislike.

*Id.* at 376, 13 S.Ct. at 138, quoting from 4 W. Blackstone, Commentaries 353.

Further, N.M.R.Crim.P. 39(b), N.M.S.A. 1978 (Repl.Pamp.1980), reflects the strategic importance of challenges by mandating that the State shall accept or make peremptory challenges before the defendant makes his challenges. Each time the State strikes a juror, the lawyer *and his client* may need to make judgments as to priorities of challenges to the remaining jurors.

The trial court erred in denying Garcia the right to be present when challenges to the jury were made. We reverse and remand for a new trial.

Although we could dispose of the case on this issue alone, we must give the trial court direction on the other issues raised.

## 2. *Motions.*

We inquire whether Garcia can renew his motions to dismiss various counts when this case is remanded. Judge Stowers denied Garcia's motions because he thought that they had previously been heard and resolved by other trial courts or by the Court of Appeals.

■ First, Garcia's motion to dismiss the 1954 counts on the ground his pleas were not voluntary and intelligent was heard by Judge Sanchez, who took all of the evidence Garcia had to present on the motion. After Judge Sanchez recused himself, Judge Ryan heard the renewed motions but did not admit into evidence Garcia's testimony given at the hearing before Judge Sanchez. In reviewing Judge Ryan's rulings, the Court of Appeals specifically stated that the testimony before Judge Sanchez was not before Judge Ryan and that it was not considering that evidence in its disposition of the case. *State v. Garcia, supra,* 92 N.M. at 731–32, 594 P.2d at 1187–88. Neither of the courts had before it the evidence which Garcia

sought to introduce regarding the asserted invalidity of the pleas. Thus it was error for judge Stowers to deny the motion to dismiss without having heard the evidence.

■ Second, Garcia's motions to dismiss the 1962 and 1970 counts have also not been properly decided. At the hearing before Judge Stowers, Garcia made an offer of proof of certain testimony which he contended would establish that his guilty pleas in those proceedings were not made intelligently or voluntarily. This testimony had not been heard previously by Judge Ryan and was not considered by him in his ruling on Garcia's motions. Garcia is entitled to have his evidence on these matters heard and considered. *State v. O'Neil*, 91 N.M. 727, 580 P.2d 495 (Ct.App.1978). Thus it was error for Judge Stowers to deny Garcia's motions to dismiss the 1962 and 1970 counts without hearing the evidence which Garcia offered.

## 3. *Burden of Proof on Validity of Pleas.*

■ Garcia claims the 1954 guilty pleas are invalid because they were induced by unkept promises of the State. If a guilty plea is induced by promises by the State, the bargain must be enforced or some other appropriate relief should be granted. *See Santobello v. New York*, 404 U.S. 257, 92 S.Ct 495, 30 L.Ed.2d 427 (1971); *State v. Session*, 91 N.M. 381, 574 P.2d 600 (Ct.App. 1978).

■ In order to establish an invalid guilty plea, both the State and the defendant have certain burdens of proof they must alternately carry. *State v. Garcia, supra; State v. O'Neil, supra.* The State makes a prima facie case upon proof that defendant has been convicted of a crime. The State's exhibits here established their prima facie case. The defendant must then produce evidence that supports the asserted invalidity. Garcia took the stand at the hearing before Judge Sanchez and, in testifying that his 1954 convictions were induced by various unkept promises of the State,

carried his burden of proof. Once the defendant presented this type of evidence, the State had the burden of persuasion as to the validity of the prior convictions. *State v. O'Neil.* The State here failed to carry the burden.

 Although it is settled law that the absence of the record of the guilty plea proceedings does not establish the invalidity of the pleas, the State must present *some* evidence in order to carry its burden of persuasion. Absent the record, which is now *required* to be kept by N.M.R.Crim.P. 21(i), N.M.S.A.1978 (Repl.Pamp.1980), we realize the State's task is a little more difficult. But our case law requires the State to present some evidence, regardless of the difficulty of the task. The State, at the hearing before Judge Sanchez failed to produce *any* direct evidence contesting Garcia's claims.

On cross–examination Garcia admitted that two counts of a total of four were dropped at the time he entered his guilty pleas. The record reflects no reason for elimination of two charges, and the State was unsuccessful in getting an admission out of Garcia that a plea bargain was struck. We do not consider this "evidence." The pleadings on the 1954 charges simply show four charges, a not guilty plea to all, a withdrawal of the not guilty pleas to two counts with the consent of the court, a dismissal of two counts and a guilty plea to two counts. This in no way refutes Garcia's claims of the State's unkept promises, i. e., that he would not have to serve any prison time if he pled guilty to some of the charges.

It is obvious that the State here did not carry the burden of persuasion regarding the validity of the two 1954 convictions. If, on retrial, the State has nothing further to offer, the trial court will have no recourse but to dismiss the charges.

4. *Double Jeopardy.*

 Garcia next challenges the enhancement of his sentence under our habitual offender statutes on the basis that once he has begun to serve the sentence imposed on the underlying conviction, his constitutional double jeopardy guarantee is being violated. Since the law in New Mexico is that an habitual proceeding only involves sentencing and not the trial of any crime, double jeopardy does not attach. *State v. James,* 94 N.M. 604, 614 P.2d 16 (1980).

We reverse and remand for a new trial on all counts.

IT IS SO ORDERED.

FEDERICI and FELTER, JJ., concur.