817 P.2d 247

**STATE of New Mexico,
Plaintiff–Appellant,**

v.

**J.M. HECK, Patricia Davis Heck, and
Does 1 through 5, inclusive,
Defendants–Appellees.**

No. 11186.

Court of Appeals of New Mexico.

June 20, 1991.

Tom Udall, Atty. Gen., Alan Merson, Ass't Atty. Gen., Santa Fe, for plaintiff-appellant.

Jake R. Evans, Evans and Robles, P.A., Las Cruces, for defendants-appellees.

OPINION

BIVINS, Judge.

The state appeals from a final judgment denying its request for injunctive relief for alleged violations of the New Mexico Subdivision Act, NMSA 1978, §§ 47–6–1 to –29 (Repl.Pamp.1982) (the Act). The state argues on appeal that the district court erred with respect to four of its conclusions of law: (1) that the Act constitutes a criminal statute to be strictly construed against the state; (2) that parcels that are not contiguous or located within a single tract are excluded from the Act; (3) that five sales, none of which results in a default, are necessary within a three-year period before a subdivision has been created under the Act; and (4) that approval of a subdivision by a municipality with concurrent jurisdiction relieves a subdivider from compliance

**514**

with the Act. We affirm in part and reverse in part.

*FACTS*

Between June 12, 1985, and August 20, 1987, defendants executed numerous real estate contracts for land located in four sections of Dona Ana County. The land is situated in an extraterritorial zone, subject to the jurisdiction of both Dona Ana County and the city of Las Cruces. The state contends that in at least five instances, five or more parcels located either within the same tract or within neighboring tracts were divided and sold by defendants within a three-year period by means of separate real estate contracts. Defendants admit that the sales took place on the dates asserted by the state but contend that the divisions and conveyances were not in violation of the Act.

The state refers to documentary exhibits in its brief but did not designate those exhibits pursuant to SCRA 1986, 12–212. Since the exhibits were admitted into evidence and relied upon by the trial court, we sent for and reviewed them in order to facilitate our consideration of the merits of the issues on appeal. *Cf. State v. Garcia,* 92 N.M. 730, 594 P.2d 1186 (Ct.App.1978) (this court asked that exhibits be transmitted because merits could not intelligently be reached without them).

The following is a brief description of the alleged illegal subdivisions. Elsewhere in this opinion we will refer to these alleged subdivisions by the project number assigned below.

Project 1—Township 22 South, Range 2 East, Section 11. Defendants executed contracts for the sale of eight parcels located within a pair of non-contiguous tracts of four lots each. A road and unrelated property separate the two tracts, which are three hundred feet apart.

Project 2—Township 21 South, Range 3 East, Section 33. From one tract of six lots, defendants sold five lots and retained one. Three of the purchasers defaulted.

Project 3—Township 21 South, Range 3 East, Section 31—First Area. Defendants

conveyed six lots from this tract of seven and retained one lot for themselves.

Project 4—Township 21 South, Range 3 East, Section 31—Second Area. During closing argument counsel for the state abandoned the claim that this tract was part of an illegal subdivision.

Project 5—Township 22 South, Range 2 East, Section 15—First Area. This area contains two tracts. From the west tract, which contains seven lots, defendants sold five lots and retained two. From the east tract, which contains five lots, defendants sold four lots and retained one. The two tracts are catty-cornered, are separated by a road, and are one hundred feet apart. Some of the purchasers defaulted.

Project 6—Township 22 South, Range 2 East, Section 15—Second Area. This tract contains eight lots. Defendants sold six lots and retained two. Some of the purchasers defaulted.

The trial court concluded that only project 3 was in violation of the Act. It enjoined defendants from further sales of lots in this project until they obtained summary subdivision approval from the city of Las Cruces. In all other respects, the court denied the state's request for relief.

*DISCUSSION*

1. *Construction of the Act*

█ The first issue is whether the Act constitutes a criminal statute which should be strictly construed against the state despite the fact that the state sought no criminal penalties pursuant to Section 47–6–27. To the extent that a legislative enactment includes remedial and penal sections, some courts separate the two and accord a liberal interpretation where remedy is sought. *See* 73 Am.Jur.2d *Statutes* § 292 (1974). However, since our subdivision statute is an enactment in derogation of the common law constituting restrictions upon the free use of property, we strictly construe it against the state in its attempt to enforce the Act. *State ex rel. Anaya v. Select W. Lands, Inc.,* 94 N.M. 555, 613 P.2d 425 (Ct.App.1979); *see* E. Yokley, *Yokley's Law of Subdivisions* § 70(b) (2d ed. 1981).

We construe the Act to give effect to the plain meaning of the legislation, *see State v. Lujan*, 103 N.M. 667, 712 P.2d 13 (Ct. App.1985) (when there is no intent to give words other than their plain and ordinary meaning and the words are free from ambiguity there is no room for construction), and to avoid rendering any part of the legislation without meaning or effect. *See Methola v. County of Eddy*, 95 N.M. 329, 622 P.2d 234 (1980) (rules of construction must be applied to give all parts of legislation effect).

We note that the actions of a subdivider rather than divisions of the land itself trigger the protections of the Act. *See P. Bardacke, Subdividing Land in New Mexico, A Guide for Subdividers, Land Use Administrators, Public Officials and Land Purchasers* at 50–51, (2d ed. 1984) (*"Subdividing Land"*). A subdivider is a person who divides an area of land into five or more parcels within three years for the purpose of sale or lease, either individually or as part of a common promotional plan, or who engages in the sale or lease of that land. § 47–6–2(H). Only those areas of land which a subdivider has divided for the purpose of sale or lease are subdivisions for the purposes of the Act. § 47–6–2(I). Land need not be contiguous in order to be offered for sale or lease as part of a "common promotional plan;" a subdivision may result if the divisions are part of the same area of land or if the divisions of land are known, designated, or advertised as a common unit or by a common name. § 47–6–2(K). To construe the statute otherwise would render meaningless the alternative definitions of "common promotional plan" set forth in Section 47–6–2(K). *See Methola v. County of Eddy.*

A subdivision is an area of land which has been divided by a subdivider into five or more parcels within three years for the purpose of "sale" or "lease." § 47–6–2(I). Sell and lease include offers to sell and lease. §§ 47–6–2(A) and (E). The three-year period required by Sections 47–6–2(H) and (I) is determined by the date of sale or division for sale and looking back three years. *Subdividing Land, supra*, at 26. " '[T]ime [of] purchase or lease' means the time of signing any document obligating the person signing the document to purchase land or lease land as a leasee." § 47–6–2(J). Therefore, those parcels which had been sold and subsequently reconveyed due to purchasers' defaults must be counted toward the five or more parcels which are required to create a subdivision under Section 47–6–2(I).

Approval of a subdivision may be within the jurisdiction of either a county or a municipality. *See* § 47–6–8(A); NMSA 1978, § 3–20–5(A) (Repl.Pamp.1985). Here, where land is located in the extraterritorial zone within the platting jurisdiction of both the county and the municipality, both governmental entities exercise concurrent jurisdiction. § 3–20–5(C). In such cases, approval of a subdivision plat must be secured from both the board of county commissioners and the planning authority of the municipality. NMSA 1978, § 3–20–9 (Repl.Pamp.1985). Approval of the city of Las Cruces by means of its summary subdivision procedure, *see* NMSA 1978, § 3–20–8 (Repl.Pamp.1985), does not obviate the need to obtain the approval of the board of county commissioners before the plat is filed in the office of the county clerk. *See* § 3–20–9.

### 2. *Application of the Act to the Facts*

Having examined the Act, we now consider whether the court correctly applied it to the facts of this case. *See Ross v. Ringsby*, 94 N.M. 614, 614 P.2d 26 (Ct.App. 1980). Despite the failure of the state to tender specific findings of fact and conclusions of law relative to these issues, *see* SCRA 1986, 1–052(B)(1)(f), we may review the legal issues. *See Board of County Comm'rs v. City of Las Vegas*, 95 N.M. 387, 622 P.2d 695 (1980) (failure to request findings does not preclude review of legal issues). With one exception, the pleadings and argument of counsel presented the challenged questions of law, which were also inherent in the judgment rendered by the trial court; a formal tender would not have prevented any oversight or misapprehension. *See King v. Doherty*, 32 N.M. 431, 258 P. 569 (1927).

■ The fact that certain purchasers defaulted on their agreements does not change the fact that defendants' act of subdividing the land for the purpose of sale triggered the Act. Furthermore, summary approval of defendants' plans by the city of Las Cruces did not obviate the need for compliance with the Act and approval by the Dona Ana County Board of Commissioners. Defendants were required to comply with the Act and failed to do so. Consequently, we reverse as to projects 2, 3, the west tract of 5, and 6, all of which fall within the Act and must be approved by both the city of Las Cruces and the Dona Ana County Board of Commissioners.

The state's claims with respect to project 1 and the east tract of project 5 present a different question, which the state did not adequately preserve. Considered separately, these two projects are not covered by the Act. Neither of the two areas comprising project 1 consist of more than four parcels; five parcels is the statutory minimum. *See* § 47–6–2(I). The east tract of project 5 consists of five parcels, but one parcel was retained by the subdivider; if the retained parcel was not divided for the purpose of sale or lease or sold within the three-year period, it is not included in a subdivision. *See* § 47–6–2(I)(1).

If, however, defendants divided these tracts as part of a common promotional plan with other projects, they might be integrated and considered part of a larger subdivision. *See* § 47–6–2(H). The parcels which comprise the two tracts in project 1 may have been subdivided as part of a "common promotional plan" if they (a) are contiguous; (b) are part of the same area of land; or (c) the land is known, designated, or advertised as a common unit or by a common name. *See* § 47–6–2(K). The same principles apply to the east tract of project 5; unless the east tract is integrated into the west tract as part of a common promotional plan, only the west tract is a subdivision.

The trial court concluded that defendants' real estate activities did not constitute a common promotional plan. The state acknowledges that the two tracts comprising Project 1 and the east and west tracts of Project 5 are not contiguous, but argued at trial that the tracts should nonetheless be integrated because of their physical proximity. In essence, the state argued that the separate tracts were part of the same area of land.

However, the state did not request any findings relative to the factual question of whether the separate tracts were part of the same area of land. *See Fitzsimmons v. Fitzsimmons*, 104 N.M. 420, 428, 722 P.2d 671, 679 (Ct.App.1986) (failure to request an appropriate finding waives any claim of error). Nor does the state cite any authority to support its contention that, as a matter of law, the separate tracts are parts of the same area of land because they shared a common road or because they were within a certain distance from each other. *See In re Adoption of Doe*, 100 N.M. 764, 676 P.2d 1329 (1984) (issues unsupported by cited authority not considered on appeal).

*United States v. Dacus*, 634 F.2d 441 (9th Cir.1980), does not support the state's position. In that case, the court explained the federal notion of common promotional plan within the meaning of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701 to 1720 (1988). The federal act provides that a common promotional plan is presumed or found when fifty or more contiguous lots are offered for sale or lease by a single developer. It does not provide for a common promotional plan when divided tracts are part of the same area of land. *See* 15 U.S.C. § 1701(3). In *Dacus*, the court upheld the defendants' convictions, even though the lands in question were not contiguous. However, the convictions in that case were based on the way in which the parcels were marketed; evidence of the lands' physical location did not independently establish that the parcels were divided as part of a common promotional plan.

■ We agree with the state's position that tracts need not be contiguous to form part of the same area of land for purposes of the Act. Physical distances, common streets and utilities, and historical unity are considerations that might be evaluated in

an appropriate case. *See generally Subdividing Land, supra,* at 60. Under the circumstances, however, the trial court's decision will not be disturbed.

## CONCLUSION

Based on the foregoing, we reverse the trial court's denial of injunctive relief with respect to projects 2, 3, the west tract of 5, and project 6. We affirm the judgment with respect to projects 1, 4, and the east tract of 5.

IT IS SO ORDERED.

MINZNER and CHAVEZ, JJ., concur.